THE STATE OF OHIO, APPELLEE, *v.* MINNIX, APPELLANT.

(No. 443—Decided January 20, 1956.)

*Mr. William Stanhope,* city solicitor, and *Mr. James M. Cutright,* for appellee.
*Mr. Gerald E. Radcliffe,* for appellant.

COLLIER, J. The defendant, appellant herein, was convicted on May 13, 1955, in the Municipal Court of Chillicothe, Ross County, Ohio, on a charge of operating a motor vehicle while under the influence of intoxicating liquor. The four assignments of error raise two principal questions of law, to wit, error in the admission of evidence and error in charging the jury.

During the trial, Fred Bouillion, police captain, was called as a witness on behalf of the state and was interrogated in regard to an alcometer test made on the defendant. Over objection of the defendant he was permitted to testify as follows:

"Q. What was the result of the test? A. Twenty five.
"* * *

"Q. Are you familiar with the National Safety Council standards, Captain Bouillion? A. Yes, Sir.

"Q. Using the result of the defendant's test in relation to the National Safety Council standards, what would that indicate as to the defendant's condition? A. He was intoxicated."

On cross-examination, the witness was asked the following question and gave the following answer:

"Q. Do you know anything at all about this machine? A. No, I don't know a thing about it."

The testimony of persons skilled in the mechanics and use of modern machines and equipment to test or determine bodily conditions is generally accepted in courts as proper evidence.

However, this rule does not extend to permitting an unskilled person who admits he knows nothing about such an instrument to give expert testimony upon the result of a test made with it. Such evidence is clearly in the class of expert testimony and, in order to be competent, the witness must be skilled, learned or experienced in the mechanics and use of such machine, so as to qualify as an expert witness. To hold otherwise would deny a party the right to cross-examine such witness as to the truth and accuracy of the reading of the instrument. See 3 Wigmore on Evidence (3 Ed.), 189, 195, Sections 795 and 795a.

In its charge to the jury, the trial court charged on this evidence as follows:

"There was testimony offered in evidence today by Captain Bouillion, of the local police department as to the result of an alcometer test that was run on the defendant sometime after his arrest. I think, as I previously told you, an alcometer is in quite general use in the state and many states. It has been scientifically determined that the blood content * * * the alcoholic content of the blood in the person is the same as the breath in the lungs. The alcometer measures the alcoholic content of the air in the lungs by the person blowing through a certain tube and that is analyzed by the machine.

"Captain Bouillion told you the result of that test was twenty five in accordance with the National Safety Council standards, which he mentioned to you, that anyone over fifteen, I believe his word was 'intoxicated.' Now, I will read to you the legal standards as adopted by the National Safety Council. The blood standards are as follows: five one hundredths of one per cent should not be prosecuted. Fifteen hundredths of one per cent or less should not be driving. Fifteen hundreths of one per cent and over, that would be fifteen ordinarily, should be prosecuted as definitely intoxicated, and to bring about this condition would take either six or seven ounces of whiskey or six or seven bottles of beer. Two tenths of a per cent, that is twenty, dizzy. Person is supposed to be dizzy and delirious. Thirty, dazed and dejected. I won't need to go any further, because the evidence, I believe in this case, the test read twenty-five.

"Now, in connection with that testimony, you will con-

sider it along with all the other testimony in the case as given to you by the other witnesses, and give it such weight as you believe it is entitled to.''

Section 2945.11, Revised Code, provides that in charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict. The court's charge must be confined to matters of law. The evidence in this case does not disclose the facts and figures referred to in the court's instructions on the use of an alcometer. In giving the charge above quoted the court not only gave undue prominence to a portion of the evidence but went beyond the evidence and injected into the case facts that were not shown by the evidence. For this reason, in our opinion, the court committed prejudicial error in giving the instructions above quoted to the jury.

We have examined the record and find the other assignments of error not well taken. For error in the admission of evidence and the erroneous instructions to the jury above set forth, the judgment is reversed and the cause remanded for further proceedings as provided by law.

*Judgment reversed.*

McCurdy, P. J., and Gillen, J., concur.